IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TRAVIS MARK SMITH | § | |
|    TDCJ-CID #684080 | § | |
| | § | |
| v. | § | C.A. NO. C-05-527 |
| | § | |
| OFFICER RAMIREZ | § | |

## ORDER DENYING CONSOLIDATION

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion to consolidate. (D.E. 17). Defendant has filed a response. (D.E. 19).

Plaintiff seeks to consolidate three actions. Specifically, he asserts that "[t]he facts in this case are both similar and substantially and factually tied to, and related to the very subject matter in Civil Action No. H-05-3587, and No. P-05-CV-082." (D.E. 17, at 2). Those actions were separated and transferred after an examination of the various claims asserted against numerous defendants. (D.E. 7).

Rule 42 of the Federal Rules of Civil Procedure establishes that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). None of the defendants in any of the three actions are in more than one action. For these reasons, Magistrate Judge Harry McKee separated the action into three. It has been six months since that transfer order. Moreover, each case has proceeded on its own path. While the claims may be similar, they invariably involve different

facts as they involve different defendants, and thus be inappropriate for consolidation.  See Alley v. Chrysler Credit Corp., 767 F.2d 138, 140 (5th Cir. 1985).

    Accordingly, plaintiff's motion to consolidate, (D.E. 17), is DENIED.

    ORDERED this 28th day of March 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE